IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-212 |
| | ) | |
| | ) | (18 U.S.C. § 371) |
| ANDREA ZENMON | ) | |
| | ) | |

**INFORMATION**

COUNT ONE

The United States Attorney charges:

INTRODUCTION

1. At all times material to this Information, the United States government has been taking steps to slow the spread of the novel coronavirus (COVID-19) and to mitigate its impact on the public's health and economic well-being.

2. On March 13, 2020, the President declared the ongoing COVID-19 pandemic to be an emergency under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

3. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) was signed into law. The CARES Act created the Pandemic Unemployment Assistance (PUA) program, which provided unemployment benefits to individuals not eligible for regular unemployment compensation or extended unemployment benefits.

4. The CARES Act also provided for an emergency increase in unemployment compensation benefits, referred to as Federal Pandemic Unemployment Compensation (FPUC). FPUC provided eligible individuals with $600.00 per week in addition to the weekly benefit amount they received from certain other unemployment compensation programs, to include PUA.

5. The PUA and FPUC programs (collectively, "pandemic benefits") are administered by the various states, including the Commonwealth of Pennsylvania, but their benefits are funded in part by the federal government. In order to receive pandemic benefits, an applicant must access a website maintained by the Commonwealth of Pennsylvania and file a claim.

6. Individuals are only eligible for PUA benefits if they are unemployed for reasons related to the COVID-19 pandemic and are available to work.

7. Once an applicant is at the website, the individual is required to enter personal identifying information, including their name, date of birth, social security number, email, phone number, and physical address. An applicant is then required to answer a series of questions to determine their eligibility and payment amount.

8. Upon completion, the application is submitted to the Pennsylvania Department of Labor for review. If approved, the applicant is notified of the amount they will be paid per PUA, which is referred to as the "benefit amount," and the amount they will be paid per FPUC, which is referred to as the "stimulus amount."

9. Following the submission of a claim, and in order to receive benefits for a week of unemployment, an individual must certify eligibility for PUA benefits for that week. Once certification is submitted, the applicant is notified of the "benefit amount" and the "stimulus amount" of their submitted claim.

10. Beginning on or about August 7, 2019, and at all times material to this Information, "O.G.," a person known to the United States Attorney, was imprisoned at Allegheny County Jail, where he lacked the means to file a claim for pandemic benefits. Defendant ANDREA ZENMON and "O.G." were co-conspirators. At all relevant times, defendant

ANDREA ZENMON knew that "O.G." was unavailable to accept work and was unemployed as a result of his imprisonment, rather than as a result of COVID-19.

## THE CONSPIRACY AND ITS OBJECTS

11. From in and around June 2020, and continuing thereafter until in and around July 2020, in the Western District of Pennsylvania, the defendant, ANDREA ZENMON and "O.G." knowingly and willfully did conspire, combine, confederate and agree together and with each other, to commit an offense against the United States, that is, Mail Fraud, in violation of Title 18, United States Code, Section 1341.

## MANNER AND MEANS OF THE CONSPIRACY

12. It was a part of the conspiracy that defendant ANDREA ZENMON filed a claim with the Pennsylvania Department of Labor and Industry and made certifications thereafter, representing that she was "O.G.", that "O.G." was available to work, and that "O.G." was unemployed as a direct result of the COVID-19 pandemic when, as defendant ANDREA ZENMON and "O.G." well knew, each of said representations falsified the material facts that defendant ANDREA ZENMON was not "O.G.," that "O.G." was not available to work, and that "O.G." was not unemployed as a direct result of the COVID-19 pandemic, thereby causing a debit card to be transmitted via mail to defendant ANDREA ZENMON.

## OVERT ACTS

13. In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendant, ANDREA ZENMON, and "O.G." did commit and cause to be committed, the following overt acts, among others, in the Western District of Pennsylvania:

   a) On or about July 2, 2020, "O.G." contacted defendant ANDREA ZENMON and instructed her to file a PUA claim for him.

b) On or about July 6, 2020, defendant ANDREA ZENMON filed an online PUA claim for "O.G." covering the certified week ending July 4, 2020.

c) Between in and around June 2020 and in and around July 2020, the Commonwealth of Pennsylvania disbursed pandemic benefits via debit card in co-conspirator "O.G.'s" name, which debit card was transmitted via the United States Postal Service to ANDREA ZENMON's home address in North Versailles, Pennsylvania.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

The United States Attorney further charges:

14. Paragraphs 1 through 9 are re-alleged as if fully set forth herein.

15. Beginning on or about October 5, 2017, and at all times material to this Information, "N.W.," a person known to the United States Attorney, was imprisoned at Allegheny County Jail, where he lacked the means to file a claim for pandemic benefits. Defendant ANDREA ZENMON and "N.W." were co-conspirators. At all relevant times, defendant ANDREA ZENMON knew that "N.W." was unavailable to accept work and was unemployed as a result of his imprisonment, rather than as a result of COVID-19.

## THE CONSPIRACY AND ITS OBJECTS

16. From in and around June 2020, and continuing thereafter until in and around July 2020, in the Western District of Pennsylvania, the defendant, ANDREA ZENMON, and "N.W." knowingly and willfully did conspire, combine, confederate and agree together and with each other, to commit an offense against the United States, that is, Mail Fraud, in violation of Title 18, United States Code, Section 1341.

## MANNER AND MEANS OF THE CONSPIRACY

17. It was a part of the conspiracy that defendant ANDREA ZENMON filed a claim with the Pennsylvania Department of Labor and Industry and made certifications thereafter, representing that she was "N.W.", that "N.W." was available to work, and that "N.W." was unemployed as a direct result of the COVID-19 pandemic when, as defendant ANDREA ZENMON and "N.W." well knew, each of said representations falsified the material facts that defendant ANDREA ZENMON was not "N.W.," that "N.W." was not available to work, and that "N.W." was not unemployed as a direct result of the COVID-19 pandemic.

## OVERT ACTS

18. In furtherance of the conspiracy, and to effect the objects of the conspiracy, the defendant, ANDREA ZENMON, and "N.W." did commit and cause to be committed, the following overt acts, among others, in the Western District of Pennsylvania:

   a) In and around June 2020, "N.W." contacted defendant ANDREA ZENMON and instructed her to file a PUA claim for him.

   b) On or about July 10, 2020, defendant ANDREA ZENMON filed an online PUA claim for "N.W."

All in violation of Title 18, United States Code, Section 371.

_____
STEPHEN R. KAUFMAN
Acting United States Attorney
PA ID No. 42108