IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No.  21-212 |
| ANDREA ZENMON | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, and Benjamin J. Risacher, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

## I. THE INFORMATION

A two-count Information was filed against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Commit Offense Against the United States<br><br>From in and around June 2020 to in and around July 2020 | 18 U.S.C. § 371 |
| 2 | Conspiracy to Commit Offense Against the United States<br><br>From in and around June 2020 to in and around July 2020 | 18 U.S.C. § 371 |

## II. ELEMENTS OF THE OFFENSES

**As to Counts 1 and 2:**

In order for the crime of Conspiracy to Commit Offense Against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the Information;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve the objective to commit an offense against the United States; and,

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

## III. PENALTIES

**As to Counts 1 and 2: Conspiracy to Commit Offense Against the United States (18 U.S.C. § 371):**

1. A term of imprisonment of not more than five (5) years (18 U.S.C. § 371);

2. A fine not more than the greater of: $250,000 or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. §§ 3571(b)(3) and (d));

    3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

    4.    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Forfeiture is not applicable in this case.

    Respectfully submitted,

    STEPHEN R. KAUFMAN
    Acting United States Attorney

    */s/ Benjamin J. Risacher*
    BENJAMIN J. RISACHER
    Assistant U.S. Attorney
    PA ID No. 318436